Roig, Demandante, Apelante y Apelado, *v.* Pérez, Demandado, Apelante y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 1811.—Resuelto en abril 7, 1919.

Desestimacion de Apelación.—En el presente caso ambas partes apelaron de la sentencia de la corte inferior. El demandado omitió archivar su alegato y dejó de comparecer a la vista. De acuerdo con la Regla 42 del Reglamento del Tribunal Supremo en relación con la No. 50, el tribunal, *motu propio,* desestimó la apelación de dicho demandado.

Daños y Perjuicios.—Cuantía de los Daños y Perjuicios—Prueba.—Para que una persona pueda ser condenada a pagar determinada cantidad por daños y perjuicios por incumplimiento de un contrato, es necesario que la parte que los

reclama ponga al tribunal sentenciador, por medio de una prueba que no deje lugar a dudas, en condiciones de poder determinar cuál es la cantidad que realmente debe ser pagada.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Francisco González.*

Abogados del demandado: *Sres. Huyke y López del Valle.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La sentencia que la Corte de Distrito de Humacao dictó en este pleito fué apelada por las dos partes que en él intervinieron, pero como la demandada no nos ha presentado el alegato de errores que ordena la Regla 42 de las de esta Corte Suprema, aplicaremos la Regla 60 según la cual podemos desestimar de oficio la apelación cuando el apelante dejare de cumplir cualquiera de los deberes o requisitos que las leyes o nuestras reglas le impongan, y de acuerdo con ella le tendremos por desistido de su apelación. Tampoco asistió a la vista del recurso ante nosotros. Por consiguiente consideraremos y resolveremos únicamente el recurso del demandante.

En 25 de mayo de 1915 don Antonio Roig Torruellas presentó demanda contra don Victoriano Pérez reclamándole el pago de $1,160.48 que alegaba deberle como consecuencia de la liquidación de una cuenta de refacción para siembra y cultivo de cañas según el contrato entre ellos celebrado en 14 de marzo de 1914 que, aunque debía terminar en junio de 1916, fué rescindido antes por mutuo acuerdo.

Negó el demandado en su contestación que debiera la cantidad reclamada y por contra-demanda pidió que el demandante fuera condenado a pagarle la cantidad de $500 por los perjuicios que había irrogado al privarle de los terrenos y de los retoños de sus cañas al dar por rescindido el contrato de refacción, sin su consentimiento.

La sentencia apelada condenó al demandado a pagar al demandante la cantidad de $660.48, intereses y costas; cantidad que es el resultado de haber sido deducidos de los

$1,160.48 reclamados por el demandante los $500 pedidos por el demandado como perjuicios por la rescisión del contrato antes de su vencimiento.

Los motivos que tiene el demandante para sostener el presente recurso de apelación son: que la corte inferior cometió error al condenar al demandado a pagarle solamente $660.48 porque los hechos coetáneos a la rescisión del contrato dan más visos de verdad a la declaración de su testigo don Antonio A. Roig que sostiene que la rescisión fué por mutuo acuerdo, contraria en este particular a la del demandado; y también al estimar que los perjuicios ascienden a $500 cuando no hay un solo testigo que sostenga esa conclusión.

Como el recurso se sostiene por el segundo de estos fundamentos, no se hace necesario que decidamos si el conflicto de la evidencia en cuanto a la rescisión debió ser resuelto a favor del demandante y nos limitaremos al segundo que se alega.

En el contrato de arrendamiento de tierras y de refacción por el demandante para cultivo de ellas con siembra de cañas dulces por el demandado se estipuló entre las partes que el contrato vencería el 1°. de junio de 1916, pero el hecho ha sido que después de la zafra del año 1915 terminó el contrato por mutuo acuerdo según el demandante, y según el demandado sin su consentimiento habiéndose incautado el demandante de sus tierras y abonado al demandado en su cuenta el valor de las siembras que había en ellas.

Dejando, pues, a un lado la cuestión propuesta en primer término por el demandante y apelante, diremos que hemos examinado con detenimiento la prueba aportada al juicio, obrante en la exposición del caso aprobada por el juez sentenciador, y encontramos que es tan vaga e indeterminada en cuanto al particular de los perjuicios que alega el demandado haber sufrido con la rescisión del contrato que no suministra dato alguno concreto para poder sostener que en efecto se perjudicó en la cantidad de quinientos dólares que reclamó

y le concedió la sentencia ni en ninguna otra cantidad. Para
que una persona pueda ser condenada a pagar determinada
cantidad por daños y perjuicios por incumplimiento de un
contrato es necesario que la parte que los reclama ponga al
tribunal sentenciador en condiciones de poder determinar
cuál es la cantidad que realmente debe ser pagada.

Por las razones expuestas la apelación del demandado
debe ser desestimada y por el recurso del demandante debe·
ser revocada la sentencia apelada y dictarse otra nueva con—
denando al demandado a pagar al demandante la cantidad de
$1,160.48, sus intereses legales de la interposición de la de-
manda, más las costas originadas en la acción.

> *Desestimada la apelación del demandado, re-*
> *vocada la sentencia apelada y dictada otra*
> *condenando al demandado a pagar al de-*
> *mandante la cantidad de $1,160.48, sus in-*
> *tereses legales desde la interposición de la*
> *demanda, más las costas.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.