RAMÓN LLOVERAS SOLER, demandante y apelante, *v.* JOSÉ FERNÁNDEZ, FERNANDO RODRÍGUEZ, JOSÉ MORÁN y COMPAÑÍA TEATRAL DE SANTURCE y como únicos socios de ésta, EDUARDO GONZÁLEZ y FRANCISCO RODRÍGUEZ, demandados y apelados.

No. 6011.—*Sometido:* Mayo 5, 1933. *Resuelto:* Julio 18, 1933.

*Juan B. Soto,* abogado del apelante; *Celestino Iriarte y F. Fernández Cuyar,* abogados del apelado José Morán.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un pleito sobre daños y perjuicios. El demandante Lloveras es el dueño del "Cine Puerto Rico ," situado en Santurce, San Juan. Lo arrendó al demandado Francisco Rodríguez. Dejó Rodríguez de pagar los cánones y fué demandado para que desalojara la propiedad. Dictóse sentencia en su contra, y al ir a ejecutarla, la "Compañía Teatral de Santurce," de la cual es socio Rodríguez, inició un pleito alegando que el arrendamiento le había sido cedido y que el demandante había consentido la cesión, sin que se le hubiera hecho parte demandada en el caso de desahucio. Como medida de aseguramiento obtuvo que la sentencia decretando el desalojo fuera suspendida. Seguido el pleito por todos sus trámites, fué resuelto en contra de la Compañía Teatral y entonces Lloveras inició este caso en reclamación de los daños y perjuicios que alegó haber sufrido a consecuencia del injustificado pleito de la Compañía Teatral. Contestó ésta. Se celebró el juicio y la corte, entendiendo que

los daños y perjuicios alegados no quedaron acreditados por la prueba, dictó sentencia en contra del demandante, que recurrió para ante este tribunal. En su alegato señaló la comisión de tres errores, así:

"1.—La Corte de Distrito del Distrito Judicial de San Juan cometió error al estimar que de acuerdo con la jurisprudencia del Tribunal Supremo de Puerto Rico debe probarse por medio de una prueba que no deje lugar a dudas, la existencia real y positiva de los daños reclamados.

"2.—La Corte cometió error manifiesto al declarar que no se probaron los daños alegados en la demanda.

"3.—La Corte cometió error al dictar sentencia a favor del demandado."

Discutiendo el primero se expresa en su alegato, en parte, como sigue:

"En las páginas 23 a 24 de la Transcripción del Legajo de Sentencia, leyendo en la opinión emitida por la Corte al resolver este caso, encontramos lo siguiente:

" 'Antes de empezar a discutir las distintas partidas de daños que alega el demandante haber sufrido, vamos a consignar los principios de derecho que ha establecido nuestro Tribunal Supremo en relación con la prueba de la existencia real y positiva de los daños para examinar la prueba del demandante a la luz de dichos principios y determinar si efectivamente ha probado suficientemente sus alegaciones, de modo tal que dé base a esta Corte para dictar una sentencia contra los demandados.

" ' "Para que una persona pueda ser condenada a pagar determinada cantidad por daños y perjuicios por incumplimiento de un contrato, es necesario que la parte que los reclama ponga al tribunal sentenciador, *por medio de una prueba que no deje lugar a dudas,* en condiciones de poder determinar cuál es la cantidad que realmente debe ser pagada." Roig v. Pérez, 27 D.P.R. 302.

" ' "Es una regla general bien establecida que cuando se reclaman daños y perjuicios de otra persona ocasionados por su culpa o negligencia, es necesario. alegar y probar la existencia real y positiva de los perjuicios causados." Rivera v. Martínez, 26 D.P.R. 760.

" ' "Para reclamar con éxito indemnización de daños y perjuicios no basta la mera alegación de tales daños y perjuicios, sino que

es esencial a su resarcimiento que preceda justificación suficiente de la realidad y existencia de los que demandan y que se aleguen y prueben de un modo positivo y concreto.'' Paniagua v. Sobrinos de Ezquiaga, 14 D.P.R. 803.

" 'A la luz de estos principios vamos a analizar las distintas partidas de daños reclamados por el demandante, por el orden en que han sido alegados en la demanda.'

"Como se ve, la Corte quiso fijar los principios a que debía sujetarse al determinar el alcance y suficiencia de la prueba sobre los daños. Y al así hacerlo, estableció, en primer término, como criterio legal a seguir, que los daños deben probarse más allá de duda razonable; esto es, *por medio de prueba que no deje lugar a duda.* (La itálica es de la Corte). Tal criterio es absolutamente falso, y establecido por la Corte como norma a seguir al apreciar el peso y valor de la prueba aportada por el demandante, ha incurrido en error grave y profundamente perjudicial a dicho demandante, quien tiene derecho a que el alcance y valor de su prueba se determine de acuerdo con la teoría de la preponderancia y no según la teoría de la duda razonable.''

La corte citó la doctrina del caso de Roig, supra, tal como aparece en el resumen del mismo que en verdad va más lejos de lo resuelto en el texto de la opinión, a saber:

"Para que una persona pueda ser condenada a pagar determinada cantidad por daños y perjuicios por incumplimiento de un contrato, es necesario que la parte que lo reclama ponga al Tribunal sentenciador en condiciones de poder determinar cuál es la cantidad que realmente debe ser pagada.''

Pero si se sigue leyendo la opinión de la corte de distrito, se observará que una vez que expuso lo que se transcribe en el alegato del apelante, la corte fué examinando una a una todas las sumas reclamadas como daños por diversos conceptos y aquilatando la evidencia aportada para su comprobación, estableciendo las conclusiones razonadas que la llevaron a declarar sin lugar totalmente la demanda.

Siendo ello así, no puede darse a la cita equivocada y al subrayado de la corte la importancia extraordinaria que le da el apelante, tan extraordinaria que al discutir el segundo error, o sea el cometido a su juicio por la corte de distrito

"al declarar que no se probaron los daños alegados en la demanda," se limita a decir en sustancia:

"Habiendo el Tribunal fijado como principio controlador de su criterio al fijar el alcance de la prueba aportada por el demandante acerca de los daños el de que se deben probar éstos, más allá de duda razonable, es necesario inferir que las conclusiones de hecho a ese respecto formuladas por la Corte Inferior, están de acuerdo con esos principios, y son, por tanto, erróneas."

Y al argumentar el tercero y último de los señalamientos o sea el de que la corte erró "al dictar sentencia en favor del demandado," sostiene que:

"El tercero de los errores señalados es secuela del primero y del segundo, pues si la Corte Inferior partió de principios erróneos al dictar sentencia a favor del demandado, es fuerza concluir que esa sentencia envuelve error y debe ser revocada."

Bajo esas circunstancias, habiendo examinado el análisis de la evidencia que hace la corte sentenciadora y encontrándolo ajustado a los hechos y a la ley, no es posible decretar la revocación que se interesa.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*