EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PRÁXEDES MILLÁN SOTOMAYOR, conocido por LUCAS, acusado y apelante.

No. 5486.—*Sometido:* Mayo 3, 1934. *Resuelto:* Junio 6, 1934.

*Francisco R. Flores,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

■ Práxedes Millán Sotomayor, conocido por Lucas, fué declarado por un jurado culpable del delito de homicidio por haber causado la muerte a Diego Sánchez de la Rosa con una herida que le produjo en el vientre y condenado por ese delito alega como primer motivo para su apelación contra la sentencia que fué error de la corte inferior haber dicho cuando declaraba el testigo Luis A. Ramos que los cuchillos son casi siempre romos, porque esa manifestación de la corte llevó al ánimo del jurado la idea de que el delito fué cometido con un puñal, cuya clase de arma levantó prejuicio contra el acusado.

El juez de la corte hizo esa manifestación cuando un cabo de la policía declaraba sobre manifestaciones que le había hecho el acusado respecto a haber causado la herida a Diego con un cuchillo, pero no creemos que esas palabras hayan causado prejuicio alguno contra el acusado. Si la herida que produjo la muerte de Diego Sánchez se la infirió el apelante, no podía perjudicar en el ánimo del jurado el que fuera causada con un cuchillo o con un puñal. El mismo testigo a que se refiere ese error dijo que hay cuchillos puntiagudos y el perito médico manifestó que la herida fué inferida con un puñal o con un cuchillo. De manera que no vemos que el acusado fuera perjudicado.

■ El otro error asignado es porque la evidencia del fiscal no es suficiente para sostener el veredicto de culpabilidad por homicidio voluntario rendido por el jurado ni la pena impuesta.

Este error se hace consistir en que de la prueba de ambas partes resulta que el acusado mató en legítima defensa de su persona. Tal cosa no aparece de las pruebas de ambas partes.

La evidencia del fiscal se contrae a que la noche a que se refiere esta causa salió el acusado de un baile a eso de las dos de la madrugada y yendo por la carretera con Tomás Medina se detuvo junto a ellos un automóvil con varias personas, una de las cuales preguntó a Millán si había visto a Diego Sánchez, y al contestarle que no, le preguntó otra vez

si había peleado con él alguna vez, contestándole Millán que sí y que si no se lo quitan lo hubiera matado; que al abrir Diego Sánchez la puerta del automóvil, pues iba en él, y decir "aquí estoy," Millán echó a correr metiéndose en un cañaveral; que Diego Sánchez no tenía fuete alguno en la mano; que como no regresaba Millán se fué Tomás Medina en el automóvil en que iban los otros. También resulta de esa prueba que más tarde Diego y Tomás Medina dejaron el automóvil y tomaron a pie el camino que conducía a sus casas en el barrio de Arenas de Utuado, agregándoseles después Millán en ese camino, que no era el que conducía a su casa, y se suscitó entre él y Diego una discusión sobre la riña que habían tenido, discusión que terminó en una lucha en la que resultó herido Diego, yéndose después Millán. Cuando la riña, que tuvo lugar cerca de la casa de Tomás Medina, acudieron un hermano de él y el padre de ambos. Éste declaró que ellos eran las únicas personas que estaban en aquel sitio.

La prueba de la defensa tendió a demostrar que la primera vez que se encontraron esa noche Millán y Diego, cuando estaba detenido el automóvil, Diego le pegó con un fuete a Millán varios golpes hasta que éste huyó y se metió en un cañaveral; y que cuando se encontraron por segunda vez en el camino del barrio Arenas también Diego pegó con el fuete a Millán trabándose entonces la lucha entre ellos, que resultó en la muerte de Diego.

Esas pruebas son claramente contradictorias y el conflicto entre ellas lo resolvió el jurado dando crédito a la prueba del fiscal, de la que no aparece que el acusado matara en legítima defensa a Diego Sánchez, por lo que no existe el error alegado. Los casos de *El Pueblo* v. *Chico,* 45 D.P.R. 400, y de *El Pueblo* v. *Sutton,* 17 D.P.R. 345, citados por el apelante, no son de aplicación al presente caso. En cuanto a la pena, nada ha argumentado el apelante.

*La sentencia apelada debe ser confirmada.*